**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANNY JOSEPH WILLIAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-07-467-R |
| | ) |
| **DAVID C. MILLER,** | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered June 11, 2007 [Doc. No. 13] and Petitioner's Objection to the Magistrate's Report and Recommendation [Doc. No. 20][1], accompanied by a 1,173 -age Appendix [Doc. No. 21]. The Magistrate Judge has recommended that the petition of Danny Joseph Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely filed under 28 U.S.C. § 2244(d)(1). The Magistrate Judge concluded that the tolling provisions of § 2244(d)(2) do not apply because Petitioner's conviction became final before the Antiterrorism and Effective Death Penalty Act (AEDPA) took effect and Petitioner did not file a state post-conviction action before April 24, 1997, the date on which Petitioner's § 2254 petition was due. The Magistrate Judge also concluded that equitable tolling of the statute of limitations was not appropriate because Petitioner had shown no extraordinary circumstances preventing the timely filing for post-conviction relief in state

---

[1] In light of Petitioner's motion for an extension of time in which to file his Objection to the Report and Recommendation filed July 9, 2007 [Doc. No. 16], the Court's Order of July 11, 2007 [Doc. No. 17] and a subsequent motion and order [Doc. Nos. 18 & 19], the Court's Order [Doc. No. 14] and Judgment [Doc. No. 15] of July 3, 2007 are VACATED.

or federal court or presented evidence of his actual innocence, and had not shown that he had diligently pursued his federal claims.  In his Objection, Petitioner asserts that his Exhibits included in the Appendix show the steps Petitioner took to diligently pursue his claims and that extraordinary circumstances beyond his control prevented him from timely filing his state court post-conviction applications and appeals to exhaust his state court remedies and this prevented him from timely filing this petition.  Petitioner also asserts that facts included in his amended application for post-conviction relief (Exhibit Nos. "138" & "139" of Appendix) show that Petitioner is actually innocent of the crimes of which he was convicted in Case No. CF-1991-6567, the conviction of which he is challenging in this habeas case.  The Court reviews the Report and Recommendation *de novo* in light of these objections.

Having reviewed the Exhibits in Petitioner's Appendix, the Court concludes that Petitioner has failed to show any extraordinary circumstances beyond his control that prevented him from timely pursuing post-conviction relief in state or federal court. Petitioner had no right to appointment of counsel to pursue such claims and Petitioner has failed to show that the discovery and photocopies Petitioner spent so much time and effort pursuing, *see* Exhibit No. "139" at pp. 3-5, were necessary to pursue his claims.  Petitioner's Exhibits do not show how the prison lockdowns prevented Petitioner from timely filing for post-conviction relief in state court or in federal court.

Petitioner's entire "amended application for post-conviction relief" and brief in support, Exhibit Nos. "138" & "139" to Petitioner's Objection to the Magistrate's Report and Recommendation, do not show Petitioner's actual innocence of the crimes of which he was

convicted in Case No. CF-1991-6567.  Nor has Petitioner presented any new, reliable evidence not presented at trial in light of which it is more probable than not that no reasonable juror would have found him guilty.  *See Schlup v. Delo*, 513 U.S. 298, 324 & 327, 115 S.Ct. 851, 130 L.Ed.2d 808, 834 & 836 (1995).  Thus, the Court agrees with the Magistrate Judge that Petitioner has wholly failed to demonstrate his actual innocence.

Nothing contained in Petitioner's Exhibits persuades the Court that Petitioner diligently pursued his federal claims.  Indeed, as the Magistrate Judge pointed out, "the record demonstrates otherwise."  Report and Recommendation at p. 9.  Among other things, Petitioner offers no explanation as to why he waited over seven years after the one-year limitation period for filing his federal habeas petition had begun before filing his first state post-conviction application and why he waited over one year after the OCCA affirmed the denial of Petitioner's second attempt to obtain an appeal from the denial of post-conviction relief to file his federal habeas petition.

In accordance with the foregoing, the Report and Recommendation is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as untimely.

IT IS SO ORDERED this 31st day of August, 2007.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE